CLARK J. DEAL AND ELSIE M. DEAL, PLAINTIFFS-RE-
SPONDENTS, v. GARBER ICE CREAM COMPANY, A COR-
PORATION, DEFENDANT-PROSECUTOR.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *John H. Pursel.*

*Contra, Smith & Smith.*

PER CURIAM.

This is an action for damages arising out of an accident
caused by the act of the defendant's truck in running into a
line of cars that was standing still awaiting the traffic signal
to proceed. Mrs. Elsie M. Deal, in a car belonging to her
husband, Clark J. Deal, was injured by the impact. Defend-
ant admits liability. The verdict was for $5,000 for the
injured woman, Mrs. Deal, and $500 to the husband, Clark
J. Deal, for expense in repairing the automobile, for doctors'
bills and for loss of consortium.

The rule goes only to the alleged excessive damages awarded
Elsie M. Deal. Whether the damages are excessive depends
upon whether a diseased condition of Mrs. Deal's fallopian
tubes is attributable to the accident; and this is a matter
that must be determined by expert medical testimony. There
were three medical witnesses; Dr. Lyons, the attending
physician, Dr. Hance who has specialized in genito-urinary
work, these two being called by the plaintiff, and Dr. Correll,

head surgeon of the Easton Hospital, called by the defense. Dr. Lyons attributes the condition to the accident, though he adds that he is not a specialist in that line and that he had in fact advised his patient to go to a specialist. Dr. Correll states positively that there is no relation between the disease and the trauma. Dr. Hance is very guarded, and we are unable to find in his testimony anything more specific than that in his opinion the injury did not of itself cause the trouble, but that if there had been an existing infection the accident would lower the resistance. The indications are that there was no existing infection as no previous trouble of that kind is testified to; in fact, its existence is denied.

We are not satisfied that the testimony is sufficient to justify a verdict founded upon a causal relation between the injury and the disease. It is obvious that the verdict was founded in part upon the hypothesis. To that extent the verdict is excessive and therefore there should be a new trial.

The rule will be made absolute.